No. 330

19412—Robert S. Alter v. Robert Shearwood, a minor, etc. Error to the Court of Appeals of Hamilton County.

355. DAMAGES—In suit for personal injuries the measure of damages, in the absence of proof of loss of salary, is the injury governed by the evidence and the ability to earn a living thereafter.

687. JUDGMENTS—Appeal court may affirm part of judgment when plaintiff agrees to remit part.

327. COURTS—Appellate court requiring plaintiff to make remittur before it will affirm, does not violate "due process of law", under Sec. 5, Art. 1, Ohio Const.

941. PRACTICE & PROCEDURE—Where court of appeals affirms a reduced judgment, does not authorize a petition in error. In such case a petition in error can only be filed upon an order directing Court of Appeals to certify record.

681. JURISDICTION—Case may be dismissed at any time when want of jurisdiction of subject matter has been proven.

JONES, J.

1. In a suit for personal injuries wherein it is alleged that plaintiff has lost a weekly salary or compensation in a definite amount, and no proof of such amount has been offered on the trial, it is not error for the court to charge that, "The measure of damages is compensation for the injuries received as shown by the evidence, and in determining this amount, if any, you will take into consideration the nature and extent of these injuries upon his ability to work and earn a living".

2. A reviewing court upon finding a verdict and judgment excessive may, the plaintiff consenting to remit a part of the judgment, affirm the judgment for the balance. (Pendleton St. R. R. Co. v. Rahmann, 22 Ohio St., 446; Schendel v. Bradford, 106 Ohio St., 387; Silverglade v. Von Rohr, 107 Ohio St., 75; approved and followed.)

3. The action of the appellate court, requiring such consent remittur as a condition for affirmance and of refusing a new trial, neither violates due process nor the provisions of Sec. 5, Art. 1, of the Ohio Constitution authorizing the right of trial by jury.

4. The procedure of the Court of Appeals, affirming the reduced judgment, does not authorize the filing of a petition in error as a matter of right; nor does it involve any question arising under the state or federal constitutions. In such case a petition in error can only be filed upon an order directing the Court of Appeals to certify its record.

5. A proceeding may be dismissed by the court at any stage of the case wherein want of jurisdiction of the subject-matter appears.

Dismissed for want of jurisdiction.

Marshall, CJ., Day, Allen, Kinkade and Robinson, JJ., concur.

---

## CODE NOTES
## Statutes Considered, Cited, Etc.

Sec. 276. STATE EXAMINERS

Held to violate Section 26, Art. II of Constitution and invalid. Tracy, Aud. v. Deer Park (Vil.), 4 Abs. 182.

Sec. 641. INSURANCE COMPANY.

When foreign, attorney general will not be compelled by mandamus to commence action for policy holders until some such beneficiary commences civil action in compliance with this section. State ex v. Haavind, 4 Abs. 178.

Sec. 1558. COMMON PLEAS JUDGES.

Certification and approval by chief justice of judge's report before payment of salary, unconstitutional. State ex. v. Zangerle et., 4 Abs. 172.

Sec. 2295-8. AUDITOR.

Not required to certify that there is not sufficient funds in city treasury to pay judgment. Eckfield, Aud. v. State, 4 Abs. 204.

Sec. 2797. COUNTY SURVEYOR.

Although this section provides that only a re-survey by county surveyor will be legal testimony; expert testimony of civil engineer as to adjacent lot line, not incompetent. Zipf v. Delgarn, 4 Abs. 182.

Sec. 3515-5. MUNICIPALITY.

When plan of government . is adopted, supplementary propositions may be independently submitted to electors at any municipal election. In Re, Election, 4 Abs. 191.

Sec. 3714. PARKS.

When municipally owned and controlled and open to general public, are "public grounds" under this section. Cleveland (City) v. Ferrando, 4 Abs. 143.

Sec. 4224. PASSAGE OF ORDINANCE.

Ordinance, by-law or resolution, granting franchise, lease, sale or transfer of property, shall not be passed unless read on three different days. In Re, Bids, 4 Abs. 191.

Sec. 4255. MAYOR.

Although given right to cast vote in tie, cannot do so in actions by council under 4224 G. C. In Re, Bids, 4 Abs. 191.

Sec. 4328. EXPENDITURES.

By cities, in excess of $500, shall be by ordinance of council. In Re, Bids, 4 Abs. 191.

Sec. 5509. FRANCHISE TAX.

Failure of corporation to pay will warrant cancellatoin of articles of incorporation. Eversman v. Shipman Co., 4 Abs. 188.

Sec. 5511. CORPORATION.

Given right to comply with statute by filing report and paying taxes and penalties. Eversman v. Shipman Co., 4 Abs. 188.

Secs. 5611-1 and 5611-2. TAX COMMISSION.

Unconstitutional in so far as they grant power to Common Pleas to hear in review, an error proceeding from the findings of Commission. Stanton v. Tax Commission, 4 Abs. 202.

Sec. 6212-15. INTOXICATING LIQUORS.

Provides penalty for manufacture, sale, barter or delivery of intoxicating liquors. Mayer v. State, 4 Abs. 170.

Sec. 8208. NOTICE OF DISHONOR.

Must be sent to endorser residing in the same city so that it is received by him the day following such dishonor. Groff v. Robbins, 4 Abs. 140.

Sec. 8223. PROTEST.

Not necessary where instrument is not a foreign bill of exchange. Groff v. Robbins, 4 Abs. 139.

Sec. 8321-1. MORTGAGES.

Construction loan mortgages must strictly comply with this section to be entitled to priority over me-